UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTIE L. JAMES,                                    Case No. 10-12497

              Plaintiff,                            David M. Lawson
vs.                                                 United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                   Michael Hluchaniuk
                                                   United States Magistrate Judge
              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 11, 13)**

## I.    PROCEDURAL HISTORY

### A.    Proceedings in this Court

On June 23, 2010, plaintiff filed suit seeking judicial review of the

Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to

28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to

the undersigned by District Judge David M. Lawson, for the purpose of reviewing

the Commissioner's decision denying plaintiff's claim for a period of disability and

disability insurance benefits.  (Dkt. 3).  This matter is before the Court on

cross-motions for summary judgment.  (Dkt 11, 14).

### B.    Administrative Proceedings

On April 29, 2005, plaintiff filed an application for disability insurance

benefits. (Dkt 1). In her complaint, plaintiff stated that the alleged disability started on January 12, 2004. (Dkt.1). Her benefits were initially denied on September 12, 2005 and the plaintiff requested a hearing on October 5, 2005. (Dkt. 1). An administrative hearing was held on March 6, 2008, before Administrative Law Judge Lawrence Blatnik (ALJ), who issued an unfavorable decision on March 21, 2008. (Dkt. 1). Plaintiff requested a review of this decision on March 28, 2008. (Dkt. 6, Tr. at 10). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-1, Dkt. 6, Tr. at 7), the Appeals Council, on April 21, 2010, denied plaintiff's request for review. (Dkt. 6, Tr. at 3-6).

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

_____

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

II.   **FACTUAL BACKGROUND**

A.   <u>ALJ Findings</u>

Plaintiff was 53 years of age at the time of the most recent administrative

hearing.  (Dkt. 6, Tr. at 75).  Plaintiff's relevant work history included

approximately 10 years as an assembly inspector.  (Dkt. 6, Tr. at 85).  In denying

plaintiff's claims, defendant Commissioner considered severe back pain with

radiating pain down leg, pain and numbness in hands as possible bases of

disability.  (Dkt. 6, Tr. 89).

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

the date of application, except for the period of  November 2005-August 2006, but

not thereafter.  (Dkt. 6, Tr. at 22).[2]  At step two, the ALJ found that plaintiff's

degenerative disc disease and herniated disc of the lumbar spine, partial rotator

cuff tear, right shoulder, and bilateral carpal tunnel syndrome were "severe" within

the meaning of the second sequential step.  (Dkt. 6, Tr. at 21).  At step three, the

---

[2] The ALJ concluded that by working at the Jobs Bank, the plaintiff had
performed a substantial gainful activity, which would preclude her from receiving
benefits for that time period.  Plaintiff testified that while working for the Jobs
Bank, she performed no work at all, was simply required to show up for work but
did not actually do anything.  The ALJ rejected this argument stating that plaintiff
drove herself to work everyday, would occasionally perform training exercises,
and the fact that she made $26.00 per hour put her well above the statutory
guidelines for substantially gainful work.  (Dkt. 6, p. 22).

Report and Recommendation
Cross-Motions for Summary Judgment
*James v. Comm'r*; Case No. 10-12497

ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 6, Tr. at 23). At step four, the ALJ found that plaintiff could not perform any past relevant work. (Dkt. 6, Tr. at 25). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. *Id.*

B.   <u>Plaintiff's Claims of Error</u>

Plaintiff contends that the ALJ committed reversible error by assigning too little weight to the opinion of Dr. Awerbuch, her treating physician. (Dkt. 11, p. 6). In her motion, plaintiff contends that a treating physician's recommendation is generally considered controlling, however, if the ALJ finds that such a recommendation is inconsistent with other evidence, it may be discredited. Certain factors must be analyzed however, and the plaintiff alleges that the ALJ did not properly discredit her treating physician. (Dkt. 11, p. 10). Lastly, the plaintiff contends that the ALJ improperly determined that working at the Jobs Bank qualified as a substantial gainful activity that would preclude the possibility of benefits. (Dkt. 11, p. 14).

C.   <u>Commissioner's Motion for Summary Judgment</u>

The Commissioner argues that Dr. Awerbuch's opinion was correctly assigned little to no weight as his opinion regarding how much weight the plaintiff could lift was contradicted by her own statements. (Dkt. 14, p. 7). According to

the Commissioner, substantial evidence supports the ALJ's decision that plaintiff was not disabled because she could perform a significant number of light jobs as identified by the vocational expert.  (Tr. 23-26).

Plaintiff asserts that "[t]he only issue at hand seems to be the amount of weight that Ms. James is able to lift during a workday."  Plaintiff argues that the ALJ should have given controlling weight to Dr. Awerbuch's opinion that she could lift less than 10 pounds.  (Tr. 154).  However, according to the Commissioner, plaintiff fails to mention that she herself admitted in her pre-hearing statements that she could lift more than 20 pounds (the maximum lifting requirement for light work), and that the ALJ expressly stated that he relied on this admission in finding that plaintiff could perform the lifting requirements of light work.  (Tr. 24, 89, 103, 127).  Plaintiff acknowledges that the ALJ accepted and adopted all of the other limitations Dr. Awerbuch suggested and that "[t]he only real difference between the ALJ's [residual functional capacity finding] and Dr. Awerbuch's Medical Source Statement is the lifting restriction."  According to the Commissioner, the ALJ properly rejected that portion of the opinion, however, and explained that he was not giving Dr. Awerbuch's opinion significant weight because it was not consistent with or supported by the evidence as a whole.  (Tr. 25).  Here, that portion of Dr. Awerbuch's opinion regarding plaintiff's lifting abilities was inconsistent with, and directly contradicted by, plaintiff's own

Report and Recommendation
Cross-Motions for Summary Judgment
*James v. Comm'r*; Case No. 10-12497

statements about what she was able to do. The Sixth Circuit has recognized that an ALJ does not err "in refusing to give probative weight to a treating physician's opinion that is contradicted by statements from the claimant [her]self." *West v. Comm'r of Soc. Sec.*, 240 Fed.Appx. 692, 697 (6th Cir. 2007). Therefore, the Commissioner argues that the ALJ was not required to give any special deference to that portion of Dr. Awerbuch's opinion that was inconsistent with plaintiff's own statements. *Compare Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391-92 (6th Cir. 2004) (in upholding ALJ's decision to reject treating physician's opinion regarding lifting, walking, and standing, the court found it "significant" that the ALJ did not reject the doctor's opinion wholesale, but incorporated the doctor's opinion regarding other limitations that were supported by the record).

Plaintiff also raises an issue, in the event that this case is remanded for further proceedings, with the ALJ's finding that she engaged in substantial gainful activity from November 2005 through August 2006. According to the Commissioner, this finding did not impact the ALJ's decision in this case because the ALJ found that plaintiff could perform a significant number of exertionally light jobs during the entire time-period at issue, and therefore was not disabled irrespective of whether she may have engaged in substantial gainful activity during a portion of that time. (Tr. 23-26). If the Court finds the ALJ's finding, with respect to the ability to do light work, to be well-supported, then the Court

Report and Recommendation
Cross-Motions for Summary Judgment
*James v. Comm'r*; Case No. 10-12497

need not reach the issue of whether plaintiff engaged in substantial gainful activity.

However, even if this case were remanded and plaintiff were able to establish that she was disabled as of her 50th birthday, as she claims, the Commissioner argues that this work activity could be relevant to her eligibility for benefits irrespective of whether it was substantial gainful activity. *See* 20 C.F.R. § 404.1592. The issue of substantial gainful activity becomes significant only if plaintiff could establish that she was limited to sedentary work, and therefore disabled if not engaged in substantial gainful activity, as of the date Dr. Awerbuch identified, i.e., June 2005. (Tr. 154). *See generally* 20 C.F.R. Pt. 404, Subpt. P, Appendix 2, Rule 201.12 (showing plaintiff would likely be found disabled as of age 50 if limited to sedentary work and not engaged in substantial gainful activity). Then, according to the Commissioner, she would not be entitled to a finding of disability from June 2005 through August 2006 because substantial evidence supports the ALJ's finding that plaintiff engaged in substantial gainful activity beginning less than 12 months after the alleged onset of disability–which precludes a finding of disability. *See Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding regulation that precludes an award of benefits where claimant returned to work prior to the lapse of a 12-month period after onset of impairment, and prior to adjudication of disability). The ALJ acknowledged that plaintiff claimed

her work at the Job Bank was not substantial gainful activity, but found that her wages ($4,000 per month) were far in excess of those that are generally considered to establish substantial gainful activity ($830 per month in 2005 and $860 per month in 2006) (Tr. 20). The ALJ reasoned that, even if the work was subsidized to some extent, plaintiff's wages would not be reduced below substantial gainful activity level. (Tr. 20). *See* 20 C.F.R. § 404.1574; Program Operations Manual System (POMS) DI 10501.015.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.

McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.

Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.

Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence.").  "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

   B.    <u>Governing Law</u>

   The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch,

Report and Recommendation
Cross-Motions for Summary Judgment
*James v. Comm'r*; Case No. 10-12497

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R.

§ 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

C.    Analysis and Conclusion

The administrative law judge determined that plaintiff has the residual

functioning capacity to perform light work.  (Dkt. 6, p. 25). "Light work" is

defined in 20 C.F.R. §404.1567 as involving:

> ...involves lifting more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to 10
> pounds. Even though the weight lifted may be very little,
> a job in this category when it requires a good deal of
> walking or standing, or when it involves sitting most of
> the time with some pushing or pulling of arm and leg
> controls. To be considered capable of performing a full
> or wide range of light work, you must have the ability to
> do substantially all of these activities. If someone can do
> light work, we determine that he or she can also do
> sedentary work, unless there are additional limiting
> factors such as loss of fine dexterity or inability to sit for
> long periods of time.

Sedentary work is defined similarly except that the lifting requirement is not more

than ten pounds.  *See* 20 C.F.R §404.1567.  If the ALJ found that plaintiff could

lift no more than ten pounds, a finding of disabled would be warranted under Rule

201.12 of Second Appendix of 20 C.F.R. §404.1567.  If, however, the ALJ found

that plaintiff had the residual functioning capacity for light work, a finding of not

disabled would have been warranted under Rule 202.13.

In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 96-2p, 1996 WL 374188, *5 (1996). The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical

condition." 20 C.F.R. § 404.1502. "Although the ALJ is not bound by a treating

physician's opinion, 'he must set forth the reasons for rejecting the opinion in his

decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation

omitted). "Claimants are entitled to receive good reasons for the weight accorded

their treating sources independent of their substantive right to receive disability

benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). "The

opinion of a non-examining physician, on the other hand, 'is entitled to little

weight if it is contrary to the opinion of the claimant's treating physician.'"

*Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003). Courts have

remanded the Commissioner's decisions when they have failed to articulate "good

reasons" for not crediting the opinion of a treating source, as § 1527(d)(2)

requires. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2000), citing,

*Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to

remand when the Commissioner has not provided 'good reasons' for the weight

given to a treating physician's opinion and we will continue remanding when we

encounter opinions from ALJ's that do not comprehensively set forth the reasons

for the weight assigned to a treating physician's opinion."). An "ALJ may not

substitute his own medical judgment for that of the treating physician where the

opinion of the treating physician is supported by the medical evidence." *Meece v.*

*Barnhart*, 192 Fed.Appx. 456, 465 (6th Cir. 2006), citing, *McCain v. Dir., Office*

*of Workers Comp. Programs*, 58 Fed.Appx. 184, 193 (6th Cir. 2003) (citation omitted); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").

In this case, when evaluating the treating physician evidence, the ALJ did not consider all of the factors 20 C.F.R. § 404.1527(d)(2)-(6).  As set forth above, in weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. While the ALJ considered the evidentiary support for the opinions, he did not expressly consider the other factors.  According to the ALJ's decision, Dr. Awerbuch's opinions were assigned minimal weight as they are not consistent with, or supported by, the evidence as a whole.  Although, the ALJ does not identify what evidence he believes is unsupportive of Dr. Awerbuch's decision.  In addition, the ALJ points to an April 2007 independent medical evaluation, in which Kevin Robinson, MD., concluded only that the claimant could not return to her past assembly line work, which was consistent with the ALJ's RFC.  The parties seem to believe that the ALJ relied on plaintiff's statement that she could lift 25 pounds as a reason to reject Dr. Awerbuch's opinions, but that is not

entirely clear from the decision.  The ALJ mentions, in his credibility analysis that plaintiff initially stated that she could lift up to 25 pounds, but now says she can only lift 10 pounds, but does not expressly state that this is a reason for not giving controlling weight to Dr. Awerbuch's opinion.  (Tr. 24).

20 C.F.R. 404.1527 mandates that when a treating physician's opinion is not given controlling weight, certain factors must be applied in determining how much weight to assign.  These factors are length and scope of the physician-patient relationship, consistency, supportability, and specialization.  The ALJ simply did not properly utilize this analysis.  As set forth above, while the ALJ concluded that Dr. Awerbuch's opinion was inconsistent with the medical evidence, he did not identify any such particular evidence.  He also did not evaluate the other factors set forth in the regulation.  The regulation requires the ALJ to give good reasons for the weight given to the treating source's opinion and, if this procedural requirement is not met, a remand may be required even if the decision is otherwise supported by substantial evidence.  *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544-45 (6th Cir. 2004).  For this reason, a remand is required.

To the extent that the ALJ relied on a form that plaintiff filled out in February of 2005 where she stated her maximum lifting capacity was 25 pounds, to discredit her treating physician's opinion, the undersigned merely notes that this hardly seems like an apples to apples comparison.  That is, is plaintiff's statement

that she can lift 25 pounds, without any indication of how often or how long in a typical work day the same as a treating physician specializing in neurology opining that plaintiff can frequently lift and carry less than 10 pounds for no more than 2/3 of an eight hour work day? The undersigned thinks not. Plaintiff's own perception of what she might be physically able to lift at a given moment in time is not the same what she can and *should* lift based on an expert analysis of her medical conditions.[3] This is precisely why expert medical opinions are sought and why physical restrictions are imposed by medical experts, rather than weight lifting tests conducted, to make such determinations. This is not to say that a plaintiff's perception of what he or she can lift is never relevant. Rather, the undersigned merely suggests this reason alone would be insufficient to undermine a treating physician's opinion.

Plaintiff requests that, if this matter is remanded, she would like to object to the ALJ's analysis regarding whether she engaged in substantial gainful activity while receiving income from the jobs bank. In the view of the undersigned,

---

[3] On May 20, 2005, plaintiff indicated that she could lift 25 pounds in response to a request that she explain "you can only lift [how many pounds]." (Tr. 103). Nearly three years later, on March 6, 2008, the ALJ asked plaintiff at the hearing: "what's the most you could lift or carry at any one time?" She responded "about 10, about five to 10 pounds." (Tr. 396). In the view of the undersigned, it is not even necessarily inconsistent for plaintiff's answer to have changed after the passage of three years.

plaintiff has not sufficiently developed this argument or offered any specific basis for the undersigned to conclude that the ALJ erred in this regard. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Thus, the undersigned declines to recommend remand on this basis.

## V.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

|                          | s/Michael Hluchaniuk_____ |
|--------------------------|-----------------------------------|
| Date: August 23, 2011    | Michael Hluchaniuk                |
|                          | United States Magistrate Judge    |

## CERTIFICATE OF SERVICE

I certify that on August 23, 2011, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: Mikel E. Lupisella, Kenneth Shaitelman, AUSA, and
the Commissioner of Social Security.

                          s/Darlene Chubb_____
                          Judicial Assistant
                          (810) 341-7850
                          darlene_chubb@mied.uscourts.gov