UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTIE L. JAMES,

        Plaintiff,        Case Number 10-12497
                             Honorable David M. Lawson
v.                                  Magistrate Judge Michael J. Hluchaniuk

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REVERSING THE COMMISSIONER, AND REMANDING FOR FURTHER PROCEEDINGS

The plaintiff filed the present action on June 23, 2010 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Michael J. Hluchaniuk pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award her benefits or, alternatively, to remand for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Hluchaniuk filed a report on August 23, 2011 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, the findings of the Commissioner be reversed, and the matter be remanded to the Commission for further proceedings. The defendant filed timely a objection to the recommendation. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation, and the defendant's objection and has made a *de novo* review of the administrative record in light of the parties' submissions. The magistrate judge found that the Administrative Law Judge (ALJ) failed to abide by the procedural requirements when the opinion of a treating source is to be rejected, but in its objection the defendant contends that the magistrate judge improperly re-weighed the evidence and substituted his judgment for that of the ALJ with respect to how much weight the plaintiff can lift. The defendant argues that substantial evidence supported the ALJ's decision, and that the ALJ should not have to consider and discuss every factor listed in the regulations when determining what weight to give to the opinion of a treating source. Finally, the defendant argues that the plaintiff's statement in an earlier self-assessment as to how much weight she could lift is sufficient by itself to establish her exertional ability despite her contrary testimony at the administrative hearing and her treating physician's opinion.

As the magistrate judge explained, the plaintiff, who is now fifty-seven years old, filed her application for disability insurance benefits on April 29, 2005 when she was fifty. The plaintiff completed high school, and she previously worked for an automobile manufacturer in an engine assembly division as an assembler and inspector, which the ALJ found to be unskilled and requiring light exertional demands. She suffered on-the-job injuries and received worker's compensation benefits from time to time. She alleged that her final disability resulted from intractable back and shoulder pain. She says that she did not work after January 2004, although she did return to her employer's jobs bank and received compensation from November 2006 through August 2006 even though she performed no work. The plaintiff alleged that the onset date of her disability was

January 12, 2004, but she amended that date at the administrative hearing to coincide with her fiftieth birthday on September 10, 2004.

The plaintiff has been diagnosed with diabetes, high blood pressure, high cholesterol, degenerative disc disease and herniated disc of the lumbar spite, partial rotator cuff tear on the right shoulder, and bilateral carpal tunnel syndrome. She takes Accupril, Aspirin, Ultram, Benicar and Glucophage for her diabetes, Climara for her estrogen, Lipitor for high cholesterol, and Novasc and Actos for her blood pressure.

The plaintiff's application for disability insurance benefits was denied initially on September 12, 2005, and following her timely request, an administrative hearing was held before ALJ Lawrence E. Blatnik on March 6, 2008. ALJ Blatnik filed a decision on March 21, 2008 in which he found that the plaintiff was not disabled because, although she suffered the "severe" impairments of degenerative disc disease and herniated disc of the lumbar spite, partial rotator cuff tear on the right shoulder, and bilateral carpal tunnel syndrome, she retained the functional capacity to perform a limited range of light work. The ALJ determined that the plaintiff could work with the following restrictions: no lifting or carrying over 20 pounds occasionally or more than 10 pounds frequently; no standing or walking more than two hours in an eight-hour work day; no climbing ladders, scaffolds or ropes; no more than occasional bending, twisting, or turning at the waist; no more than occasional squatting, crawling, kneeling, crouching, stooping, balancing, or ramp or stair climbing; no more than occasional pushing or pulling with either upper extremity, using air, pneumatic, power or vibrating tools with the right upper extremity; no more than occasional overhead reaching with the right upper extremity; no more than frequent overhead reaching with the left upper extremity; no more than frequent handling or fingering with either hand; and no working around dangerous or

unprotected machinery or unprotected heights. The ALJ also found that the plaintiff can sit at least six hours in an eight-hour work day, but that she requires a sit/stand option that enables her to change position every 30 to 40 minutes. The ALJ asked a vocational expert a hypothetical question that included all those restrictions, and the vocational expert testified that there was a significant number of unskilled jobs in the lower peninsula of Michigan that fit within those restrictions.

The plaintiff's treating neurologist, Gavin Awerbuch, M.D., who had been seeing the plaintiff for over two years, reported on February 6, 2008 that the plaintiff was limited to lifting no more than 10 pounds occasionally for one-third of an eight-hour day. Tr. 154. If the ALJ had accepted that evidence as conclusive, he would have been compelled to conclude that the plaintiff could perform no more than sedentary work. *Compare* 20 C.F.R. § 404.1567(b) (defining "light work" as requiring "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds") *with* 20 C.F.R. § 404.1567(a) (defining "sedentary work" as "involv[ing] lifting no more than ten pounds at a time"). Limiting the plaintiff to sedentary work would entitle her to disability insurance benefits after her fiftieth birthday, because the medical-vocational guidelines applicable to the plaintiff would direct a finding of "disabled." *See* 20 C.F.R. Part 404, Subpart P, App'x 2, § 201.12.

The Social Security regulations require the Commissioner to give the opinion of a treating physician "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The regulations establish that the opinions of treating physicians are entitled to deference and, in the circumstances indicated, controlling weight, when they are phrased in medical terms or describe a patient's physical limitations. *See Casey v. Sec'y*

-4-

*of Health & Human Servs.,* 987 F.2d 1230, 1234-35 (6th Cir. 1993); *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990). If the ALJ does not give a treating source's opinion controlling weight, then the regulations require an analysis of several factors set out in subparagraphs 2(i), 2(ii), and 3 through 6 of 20 C.F.R. § 404.1527(d) to determine the weight to be given to such opinions.

The magistrate judge observed that the ALJ's reason for giving minimal weight to Dr. Awerbach's opinion was inconsistency with and lack of support by the evidence in the entire record. *See* Tr. 25. The magistrate judge criticized the ALJ's discussion, however, because the ALJ never identified the evidence in the record that contradicted Dr. Awerbach's opinion that the plaintiff was restricted to lifting no more than ten pounds. The Commissioner argues that the lengthy paragraph in the decision that preceded the ALJ's conclusory statement — in which he explains why he did not find the plaintiff's own testimony fully credibility — should suffice for that discussion, and Sixth Circuit precedent requires the Court to honor an ALJ's rejection of a treating source's opinion when the physical restriction is contradicted by the claimant's admission. For that authority, the Commissioner cites *West v. Commissioner of Social Security*, 240 F. App'x 692 (6th Cir. 2007), an unpublished decision not entitled to precedential weight. However, for several reasons, the Court believes that the Commissioner is advocating a degree of liberality and deference in the reading of the ALJ's decision that is not warrant by existing law or the record itself.

First, as the magistrate judge observed, the plaintiff's prior statements that she could lift only 25 pounds does not actually contradict Dr. Awerbach's opinion that she was restricted to lifting ten pounds throughout two-thirds of the work day. The Commissioner condemns that observation as re-weighing the evidence, but in reality it merely highlights the absence of discussion in the ALJ's

decision of how the evidence might be contradictory or inconsistent with the treating source's opinion.

Second, the law is quite clear that "the regulations require the ALJ to 'always give good reasons in [the] notice of determination or decision for the weight' given to the claimant's treating source's opinion." *Blakley v. Comm' of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). The Sixth Circuit requires "[t]hose good reasons [to] be 'supported by the evidence in the case record, and [they] must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 406-07 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5). The ALJ's decision fails that basic test because there is *no* discussion of how or why the record is inconsistent with the medical opinion. For instance, there is no discussion of how the ALJ determined that the plaintiff could meet the light work lifting requirements over the course of a complete work day when Dr. Awerbach stated specifically that she could not do so and no one else, including the plaintiff herself, said that she could. It is perhaps significant that the ALJ himself found that the plaintiff could not perform her previous work, which also was determined to be at the light exertional level.

Third, even if the ALJ declines to give the treating source's opinion controlling weight, he must evaluate the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(6) to explain how much weight *is* to be accorded the opinion. "'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that [her] physician has deemed [her] disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is

supplied.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004) (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999)). The requirement serves another purpose as well: to "ensure[] that the ALJ applies the treating physician rule and [to] permit[] meaningful review of the ALJ's application of the rule." *Ibid.* There is a complete absence of evidence that the ALJ even considered the several factors in the regulation before giving "minimal weight" to Dr. Awerbach's opinion.

Fourth, the Sixth Circuit has held that the procedural requirements are not mere formalities that may be observed or not at the whim or inclination of the ALJ. Rather,

> [b]ecause of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions *denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon the record.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007) (emphasis added); *see also Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009) (reiterating that "[t]he regulation also requires that if such opinion is not given controlling weight, the administrative judge 'must apply' specified factors in determining what weight to give the opinion, and give 'good reasons . . . for the weight we give [claimant's] treating source's opinion'" (quoting 20 C.F.R. § 404.1527(d)(2))).

Finally, it also is well settled that "[e]ven if the treating physician's opinion is not given controlling weight, 'there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference.'" *Hensley*, 573 F.3d at 266 (quoting *Rogers*, 486 F.3d at 242). The ALJ accorded Dr. Awerbach's opinion no deference whatsoever, even though the factors listed in 20 C.F.R. § 404.1527(d)(2)-(6) suggest that substantial (if not controlling) weight should be given to the restrictions imposed. The "presumption" has not been rebutted when viewing the record as a whole.

The Court concludes, therefore, that the Commissioner's objection lacks merit, and the magistrate judge correctly found that substantial evidence did not support the ALJ's decision.

Once the determination has been made that the Commissioner's decision is not supported by substantial evidence, the Court must decide whether further fact-finding is required. "[I]f all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this Court may remand for an award of benefits. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994). *See also Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."). However, where the ALJ fails to apply the treating source rules properly, the preferred procedure is to remand the case for further proceedings. *See Blakley*, 581 F.3d at 410; *Hensley v. Astrue*, 573 F.3d at 267; *Rogers*, 486 F.3d at 250; *Wilson*, 378 F.3d at 545. The Court will follow that course as well.

The magistrate judge addressed another point raised by the plaintiff in her motion for summary judgment dealing with the question whether the plaintiff's participation in the jobs bank precluded a finding that she did not engage in substantial gainful activity. The magistrate judge found no merit in the plaintiff's argument. The plaintiff has not objected to that part of the report and recommendation and the time for doing so has passed. A party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to an unfavorable

portion of the magistrate judge's report releases the Court from its duty to independently review the issue. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered the defendant's objection to the report and finds it to lack substance and merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #15] is **ADOPTED**.

It is further **ORDERED** that the defendant's objection [dkt. #16] is **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #11] is **GRANTED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #14] is **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **REVERSED**.

It is further **ORDERED** that the plaintiff's complaint [dkt. #1] is **REMANDED** to the Commission for further proceedings.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: September 26, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2011.

                                 s/Susan K. Pinkowski
                                 SUSAN K. PINKOWSKI